WILLIAM H. NEWELL, Judge of Probate,

*vs.*

DELIMA DELORME, et al.

Androscoggin.    Opinion November 4, 1912.

*Administrator de bonis non.  Appointment of Administrator de bonis non. Bill of Exceptions.  Fixed days and times for holding Probate Courts.  R. S., Chapter 65, Section 4.  Judicial Act.  Petition.*

1.  The single question now before the court is the validity of the appointment of Ralph W. Crockett as administrator de bonis non of Hubert DeLorme.

2.  It appears from the bill of exceptions that the petition under which he was appointed was in due form and unopposed, but that the decree appointing him was signed by the Judge of Probate in his law office at Lewiston, instead of in the Probate Office at the Court House in Auburn, and that the petition was forthwith filed with the Register of Probate in Auburn and letters of administration were thereupon issued dated the same day as the decree, proper record made and notice of the appointment duly published.

3.  That the simple fact that the Judge of Probate affixed his signature to the decree in his law office in Lewiston instead of in the Probate Office in Auburn did not invalidate the decree.

4. There must be fixed places and stated times for holding the sessions of the court at which all matters requiring public notice may be made returnable and all hearings may be held.

5. The Judge of Probate cannot, in the interim between terms, lawfully perform any judicial act, except such as are authorized by statute, to be performed in vacation.

6. In this case no session of the court was attempted to be held in the Judge's office in Lewiston, no hearing had there and no judicial act was performed there.

On exceptions by plaintiff. Exceptions sustained. Action to stand for trial.

This is an action brought in the name of the Judge of Probate of Androscoggin County by Ralph W. Crockett, as administrator de bonis non on the estate of Hubert DeLorme and for the benefit of said estate against the sureties on two probate bonds given by Henri P. Bechard, late of Lewiston, the original administrator of said estate. The defendants pleaded separately the general issue with brief statement.

The case is stated in the opinion.

*Ralph W. Crockett,* for plaintiff.

*McGillicuddy & Morey,* for Delima DeLorme.

*Louis J. Brann,* pro se.

SITTING: WHITEHOUSE, C. J., SAVAGE, CORNISH, KING, HALEY, JJ.

CORNISH, J. This is an action brought in the name of the Judge of Probate of Androscoggin County by Ralph W. Crockett as administrator de bonis non on the estate of Hubert DeLorme and for the benefit of said estate, against the sureties on two probate bonds given by Henri P. Bechard late of Lewiston, the original administrator of said estate.

The single legal question now before the court is the validity of the appointment of Ralph W. Crockett as administrator de bonis non.

It appears from the bill of exceptions that the petition under which he was appointed was in due form and unopposed, but that the decree appointing him was signed by the Judge of Probate in his law office at Lewiston instead of in the Probate Office at the Court House in Auburn; that the petition and decree were forthwith duly filed with the Register of Probate in Auburn and letters

of administration were thereupon issued, dated the same day as the decree, a proper record duly made, and notice of the appointment duly published.

Did the simple fact that the Judge of Probate affixed his signature to the decree in his law office in Lewiston instead of in the Probate Office in Auburn invalidate the decree? Obviously not.

It is true that the Probate Court is a statutory court, and that the statute provides that, "Judges of Probate shall have certain fixed days and places for holding their courts and making and publishing their orders and decrees, where no express provision is made by law; such days shall be made known by public notifications thereof in their respective counties and all matters requiring public notice shall be made returnable thereto." R. S., Ch. 65, Sec. 4. It is also true that the Judge of Probate for Androscoggin County on January 11, 1898, promulgated an order to the effect that thereafter the Probate Court for said County should be held at Auburn on the second Tuesday of each month and be continued until final adjournment, which order is still in force.

These provisions are essential to the preservation of the rights of parties in interest. There must be fixed places and stated times for holding the sessions of the court at which all matters requiring public notice may be made returnable and all hearings may be held. Such a session cannot be held in a place or at a time other than the place and time legally designated. *White* v. *Riggs, 27* Maine, 114. Nor can the Judge in the interim between terms, lawfully perform any judicial act except such as are authorized by statute to be performed in vacation, at least without the consent of all parties interested. Merrill Trust Company, Appellant, 104 Maine, 566, 573.

In the case at bar, however, no session of the court was attempted to be held in the Judge's office in Lewiston, no hearing was there had, no testimony taken. No judicial act was really performed there. The Judge affixed his signature to a decree upon an unopposed petition, it may have been to save time, placed it in his pocket and carried it over to the Probate Court Room in Auburn and then and there filed the petition and decree with the Register of Probate. To hold that the Judge could not sign such a decree in advance and in another place or room than the Probate Court room would be injecting a technicality into the statute that was never contemplated.

Suppose after a long hearing in Probate Court on an administrator's account, the Judge had taken all the papers to his home over night, in order to review and study them, and then in the morning had signed the decree in his home and carried it to the Probate Office and filed it. Is it possible that the signing in advance in another room than the Probate room would vitiate the official act? We do not think so. Signing the name under such circumstances is more in the nature of a clerical than a judicial act, and neither the letter nor the spirit of the statute is violated thereby.

· : ·The presiding Justice having ordered a nonsuit, the entry must be; ·

*Exceptions sustained.*
*Action to stand for trial.*